**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN (FLINT)**

IN RE:

| | |
|---|---|
| GERALD I VAUGHN and<br>GERALDINE S. VAUGHN,<br><br>    Debtors.<br>_____/ | Case No. 12-31238-dof<br>Hon. Daniel S. Opperman<br>Chapter 7 |

COLLENE K. CORCORAN

    Plaintiff,

Vs.

Adv. Pro. No. 14-03103-dof

GERALD I. VAUGHN, GERALDINE S.
VAUGHN, GERALD VAUGHN LIVING TRUST,
GERALDINE VAUGHN LIVING TRUST,
GERALD TODD VAUGHN, KIMBERLY
ARMSTRONG, JEFFREY S. VAUGHN, and
VAUGHN GROUP, LLC, Jointly and Severally,

    Defendants.
_____/

## DEFENDANTS' ANSWER TO COMPLAINT TO RECOVER PROPERTY

Defendants, GERALD I. VAUGHN, GERALDINE S. VAUGHN, GERALD VAUGHN LIVING TRUST, GERALD TOOD VAUGHN, KIMBERLY ARMSTRONG, JEFFREY S. VAUGHN, and VAUGHN GROUP, LLC, through their attorneys, Lieberman Gies & Cohen, PLLC, make this Defendants' Answer to Complaint to Recover Property and for Defendants' Answer, states as follows:

1. In answer to Paragraph No. 1, Defendants admit.

2. In answer to Paragraph No. 2, Defendants admit.

3. In answer to Paragraph No. 3, Defendants admit.

4. In answer to Paragraph No. 4, Defendants admit.

**Lieberman, Gies & Cohen, PLLC**

31313 Northwestern Hwy.,
Suite 200
Farmington Hills, MI 48334
-
(248) 539-5500

1

5. In answer to Paragraph No. 5, Defendants admit that Plaintiff is the duly appointed Chapter 7 Trustee of Debtors' estate. Defendants deny that the Trustee's appointment continues pursuant to BR 1016, as BR 1016 pertains to the death or incompetency of a Debtor.

6. In answer to Paragraph No. 6, Defendants admit that they resided at 4168 Sundance Meadows, Howell, MI 48843 at the time of filing their bankruptcy. Defendants deny that they currently reside at 4113 Tee Lake Road, Lewiston, Michigan.

7. In answer to Paragraph No. 7, Defendants deny.

8. In answer to Paragraph No. 8, Defendants deny.

9. In answer to Paragraph No. 9, Defendants admit in part. In particular, Defendants admit to the street address but deny "#59" as Defendants do not know what #59 refers to.

10. In answer to Paragraph No. 10, Defendants admit.

11. In answer to Paragraph No. 11, Defendants deny.

12. In answer to Paragraph No. 12, Defendants admit.

13. In answer to Paragraph No. 13, Defendants admit.

14. In answer to Paragraph No. 14, this is a conclusion of law. In further Answer, Gerald I. Vaughn Revocable Living Trust's interest in the Vaughn Group, LLC is a 2% membership interest.

15. In answer to Paragraph No. 15, this is a conclusion of law. In further Answer, Geraldine Vaughn Revocable Living Trust's interest in the Vaughn Group, LLC is a 2% membership interest.

16. In answer to Paragraph No. 16, Defendants admit.

**Lieberman, Gies & Cohen, PLLC**

31313 Northwestern Hwy.,
Suite 200
Farmington Hills, MI 48334
-
(248) 539-5500

17. In answer to Paragraph No. 17, Defendants deny that the LLC was formed for an illegal purpose, the same being untrue. Defendants admit that the Vaughn Group, LLC was created for estate planning purposes.

18. In answer to Paragraph No. 18, Defendants deny for the reason that the mortgage was not paid off by the Debtors.

19. In answer to Paragraph No. 19, Defendants admit that for several years, the Debtors did pay the taxes, insurance, maintenance and mortgage payments on the property. Defendants deny that the payments were made in fraud of Debtor's creditors, the same being untrue.

20. In answer to Paragraph No. 20, Defendants deny.

21. In answer to Paragraph No. 21, Defendants deny.

22. In answer to Paragraph No. 22, Defendants deny for the reason that Debtors' children did make financial contributions along with nonfinancial contributions to the property.

23. In answer to Paragraph No. 23, Defendants deny for the reason that there has been and continues to be a mortgage on the property owned by the Vaughn Group, LLC.

24. In answer to Paragraph No. 24, Defendants deny for the reason that the mortgage was not paid off.

25. In answer to Paragraph No. 25, Defendants admit.

26. In answer to Paragraph No. 26, Defendants deny for the reason that there has not been a transfer of estate assets.

27. In answer to Paragraph No. 27, Defendants deny.

**Lieberman, Gies & Cohen, PLLC**

31313 Northwestern Hwy., Suite 200
Farmington Hills, MI 48334
-
(248) 539-5500

28. In answer to Paragraph No. 28, Defendants deny.

**WHEREFORE,** Defendants request that this Honorable Court to dismiss Plaintiff's Complaint with prejudice, award Defendants their costs and attorney fees and grant such further relief this Court deems just and appropriate.

## COUNT II

29. Defendants restate and reallege Paragraphs 1 – 28 as though set forth herein in their entirety.

30. In answer to Paragraph No. 30, Defendants deny.

31. In answer to Paragraph No. 31, Defendants deny.

32. In answer to Paragraph No. 32, Defendants deny.

33. In answer to Paragraph No. 33, Defendants deny.

**WHEREFORE,** Defendants request that this Honorable Court to dismiss Plaintiff's Complaint with prejudice, award Defendants their costs and attorney fees and grant such further relief this Court deems just and appropriate.

Respectfully submitted,

LIEBERMAN, GIES, & COHEN, PLLC

/s/ *Steven J. Cohen*
Steven J. Cohen (P45140)
Attorney for Defendants
31313 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334
Phone: (248) 539-5500
Fax: (248) 539-5581
steve@lgcpllc.com

Dated: July 2, 2014

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN (FLINT)**

**IN RE:**

GERALD I VAUGHN and  Case No. 12-31238-dof
GERALDINE S. VAUGHN,  Hon. Daniel S. Opperman
  Chapter 7
  Debtors.
_____/

COLLENE K. CORCORAN

  Plaintiff,
  Adv. Pro. No. 14-03103-dof
Vs.

GERALD I. VAUGHN, GERALDINE S.
VAUGHN, GERALD VAUGHN LIVING TRUST,
GERALDINE VAUGHN LIVING TRUST,
GERALD TODD VAUGHN, KIMBERLY
ARMSTRONG, JEFFREY S. VAUGHN, and
VAUGHN GROUP, LLC, Jointly and Severally,

  Defendants.
_____/

## AFFIRMATIVE DEFENSES

Defendants, GERALD I. VAUGHN, GERALDINE S. VAUGHN, GERALD VAUGHN LIVING TRUST, GERALD TOOD VAUGHN, KIMBERLY ARMSTRONG, JEFFREY S. VAUGHN, and VAUGHN GROUP, LLC, through their attorneys, Lieberman Gies & Cohen, PLLC, submit the following as their Affirmative Defenses:

1. <u>Failure to State a Claim</u>. There is nothing illegal about setting up an LLC for estate planning purposes and for liability protection purposes.

2. <u>Statute of Limitations</u>. 11 U.S.C. §546(a) sets forth the time limit for bringing a fraudulent conveyance action which is either 2 years after entry of the order for relief or

**Lieberman, Gies & Cohen, PLLC**

31313 Northwestern Hwy.,
Suite 200
Farmington Hills, MI 48334
-
(248) 539-5500

the time that the case is closed, whichever is earlier. Since the order for relief was issued on March 22, 2012, the statute of limitations was March 22, 2014.

    3.    <u>Reservation of Rights</u>. Defendants reserves the right to add additional affirmative defenses as may become apparent during discovery

Respectfully submitted,

LIEBERMAN, GIES & COHEN, PLLC

Dated: July 2, 2014      By:    /s/    *Steven J. Cohen*
Steven J. Cohen (P45140)
Attorney for Defendants
31313 Northwestern Hwy., Suite 200
Farmington Hills, MI 48334
(248) 359-5500 (telephone)
(248) 539-5581 (facsimile)
Steve@lgcpllc.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing papers were filed electronically on July 2, 2014 with the United States Bankruptcy Court, Eastern District of Michigan, using the Court's CM/ECF system, which will send notification to all counsel of record.

          Respectfully submitted,

          LIEBERMAN, GIES & COHEN, PLLC

Dated: July 2, 2014      By:    /s/ Steven J. Cohen
Steven J. Cohen (P45140)
Attorney for Defendants
31313 Northwestern Hwy., Suite 200
Farmington Hills, MI 48334
(248) 359-5500 (telephone)
(248) 539-5581 (facsimile)
Steve@lgcpllc.com

**Lieberman, Gies & Cohen, PLLC**

31313 Northwestern Hwy.,
Suite 200
Farmington Hills, MI 48334
-
(248) 539-5500